IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-713-BO-RN

ZHONGCHENG XIAO, )
)
    Plaintiff, )
)
v. ) ORDER
)
GENESYS TELECOMMUNICATIONS )
LABORATORIES, INC., )
)
    Defendant. )

This cause comes before the Court on defendant's motion to dismiss for failure to state a claim [DE 8]. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling. For the reasons that follow, defendant's motion is granted, and plaintiff's complaint is dismissed in its entirety.

BACKGROUND

The Court derives the following statement of facts from plaintiff's complaint [DE 1] and the EEOC record it incorporates.[1] Plaintiff began working for defendant, Genesys, in 2019. [DE 1 ¶ 7]. He is of Chinese descent and is a Chinese citizen, [DE 1 ¶ 8], and asserts that he has repeatedly been subjected to "racist photographs, comments, and disparate treatment" because of his race (Asian) and national origin (Chinese), [DE 1 ¶ 9]. After reporting his concerns on November 30, 2021, [DE 1 ¶ 16], plaintiff received a negative evaluation in December 2021 [DE 1 ¶ 19]. Due to

---

[1] When evaluating a motion to dismiss, a court considers the complaint as well as any materials attached or incorporated by reference. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011); *see also Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 851 (4th Cir. 2016) (holding that any attachments may be considered if they are "integral to the complaint and authentic" (citation omitted)).

continued increased supervision and a sense that he was being treated unfairly, plaintiff resigned from his position as a software engineer. [DE 1 ¶ 20].

After his resignation, plaintiff submitted a claim with the Equal Opportunity Employment Commission ("EEOC") claiming discrimination based on race, national origin, and sex, as well as retaliation. [DE 1 ¶ 21]. On September 12, 2023, plaintiff received notice of his right to sue from the EEOC. [DE 1 ¶ 22; DE 1-8]. He then filed his complaint in this Court on December 12, 2023. *See* [DE 1-2; DE 12 p. 3]. Two months later, on February 12, 2024, defendant moved to dismiss Mr. Xiao's complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that he failed to timely file his claims in federal court. [DE 8]. The appropriate briefs have been filed and the motion is ripe for decision.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Defendant argues that plaintiff's claims should be dismissed as untimely. [DE 8 ¶¶ 2-3]. It is undisputed that a plaintiff must bring suit within ninety days of receiving a notice of their right to sue from EEOC. 42 U.S.C. § 2000e-5(f)(1). In the absence of any reasonable grounds for an equitable tolling of the filing period, failure to bring civil suit within this time period forecloses a plaintiff from bringing suit on the allegations made in their EEOC discrimination charge. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987).

Taking all of plaintiff's factual allegations as true, he received his right to sue notice from the EEOC on September 12, 2023. [DE 1 ¶ 22]. Therefore, he had until Monday, December 11, 2023, to file this action in federal court. In the memorandum in opposition to the motion to dismiss, plaintiff identifies several cases where courts have deemed filings timely based on the ninety-day filing requirement, seemingly indicating that the calculations used in identifying those ninety-day periods should be used in this case. [DE 13 p. 2]. However, both *Tubby* and *Williams*, cases used as examples by plaintiff, identify a ninety-day period using the same calculation as this Court has used to reach the December 11 date above. *See Tubby v. Donahoe*, No. 13CV363, 2015 WL 413787, at *4 (M.D.N.C. 2015) (calculating ninety days between January 29, 2013, and April 29, 2013); *see also Williams v. N.C. Admin. Off. of the Cts.*, 364 F. Supp. 3d 596, 604 (E.D.N.C. 2018) (calculating ninety days between February 17, 2017, and May 18, 2017). Such a calculation, as applied to this set of facts, requires plaintiff to have filed his complaint by December 11, 2023.

As plaintiff admits that he received the Right to Sue letter from the EEOC on September 12, 2023, he has submitted this complaint outside of the ninety-day window as provided by 42 U.S.C. § 2000e-5(f)(1). *See* [DE 1 ¶ 22]. Further, plaintiff does not request equitable tolling and none of plaintiff's filings indicate any reason for this Court to find that equitable tolling would be

appropriate. *See Harvey*, 813 F.2d at 654 (finding no basis for tolling if plaintiff had "sufficient time within which to act"). Accordingly, the Court grants defendant's motion to dismiss.

## CONCLUSION

For these reasons, defendant's motion to dismiss [DE 8] is GRANTED. Plaintiff's complaint [DE 1] is DISMISSED in its entirety with prejudice as untimely. The Clerk is DIRECTED to close this case.

SO ORDERED, this 27 day of June 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE